UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Chalos & Co, P.C.,<br><br>                                    Plaintiff,<br><br>             -v-<br><br>SRAM & MRAM Resources Berhad et al.,<br><br>                                    Defendants. | 2:23-cv-02523<br>(NJC) (AYS) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff Chalos & Co, P.C. ("Chalos") brought this action against Defendants SRAM & MRAM Resources Berhad ("SRAM Berhad"), SRAM & MRAM Technologies & Resources Inc. ("SRAM Tech"), and SRAM & MRAM Group ("SRAM Group" and collectively, "Defendants") for breach of a retainer agreement for legal services. (ECF No. 1.) Presently before the Court is a Report and Recommendation (the "R&R") issued by Magistrate Judge Anne Y. Shields on July 19, 2024, recommending that this Court grant in part and deny in part Chalos's motion for default judgment against the Defendants. (R&R, ECF No. 31.) The R&R recommends: (1) the entry of a default judgment against SRAM Group; (2) a denial of default judgment against SRAM Berhad and SRAM Tech; (3) an award of $124,163.78 to Chalos for SRAM Group's breach of contract and prejudgment interest calculated from November 23, 2022, at the New York statutory rate of nine percent per year through the date of judgment; and (4) an award of $4,791.67 in attorneys' fees and $1,968.00 in litigation costs to Chalos for its work on this action. (*Id.* at 22.)

A copy of the R&R was provided to all counsel via ECF. (*See id*. at 23.) The R&R directed Chalos to serve a copy of the R&R by overnight mail and first-class mail to Defendants at their last known address(es) and to file proof of service on ECF by July 23, 2024. (*Id.*) On July 24, 2024, Chalos filed an affidavit confirming that a copy of the R&R was served on Defendants pursuant to the R&R's instructions. (ECF No. 32.) The R&R ordered that any objections to the R&R must be submitted in writing to the Clerk of Court within fourteen (14) days, *i.e.*, by August 2, 2024. (R&R at 23.)

The date for filing any objections has thus expired, and neither Chalos nor any other party has filed an objection to the R&R. For the reasons set forth below, I adopt the thorough and well-reasoned R&R in its entirety with minor clarifications, granting in part and denying in part Chalos's motion for default judgment.

When no objections to a report and recommendation are filed, the Court reviews a report and recommendation on a dispositive motion for clear error. *Andrews v. LeClaire*, 709 F. Supp. 2d 269, 271 (S.D.N.Y. 2010). Because a motion for default judgment is dispositive, and because no party has filed timely objections to the R&R, I review the R&R for clear error.

Having conducted a thorough review of the motion papers and the applicable law, having reviewed the R&R *de novo* out of an abundance of caution, and considering that the parties have failed to object to any of the R&R's recommendations, I adopt the findings and recommendations contained in the well-reasoned and thorough R&R as the opinion of the Court, with the addition of the following clarifications and corrections to address minor errors:

*First*, in support of the finding that Chalos properly served SRAM Group in the United Kingdom through postal channels, but failed to properly serve SRAM Berhad in Malaysia, I

2

provide the following legal authority: Hague Conv. on Private Int'l Law, *Status Table: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, (Nov. 9, 2017), https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (demonstrating that the United States and United Kingdom are signatories to the convention, but Malaysia is not); *In re Coudert Bros. LLP*, No. 16-cv-8248, 2020 WL 373838, at *3 (S.D.N.Y. Jan. 23, 2020) (finding that, as a Hague Convention signatory, the United Kingdom "does not object to service through postal channels"); *McGraw-Hill Glob. Educ. Holdings, LLC v. Turcios*, No. 17-cv-6222, 2018 WL 11282740, at *2 (S.D.N.Y. Apr. 20, 2018) ("Because Malaysia is not a signatory to the Hague Convention, service on the Malaysia based defendants under Rule 4(f)(1) is not possible.").

*Second*, I correct minor errors concerning the R&R's calculation of attorneys' fees for Chalos's work on this matter. The R&R relies on records located at ECF No. 27-10 to conclude that "[a]ccording to the billing records submitted, discounting the 24.7 hours spent by Christopher Boyd, counsel spent a total of 37.9 hours on this matter, incurring $14,375.00 in legal fees . . . .'" (R&R at 20.) I find that ECF No. 27-10 documents Chalos's work on a California state court action, whereas ECF No. 27-12 provides contemporaneous billing records for work on this action. Relying on ECF No. 27-12, the $21,900 in attorneys' fees billed by Chalos for work on this action should be reduced by $7,550[1] to discount fees claimed for

---

[1] The billing records state that Christopher Boyd's time amounts to $7,852 at a rate of $250 per hour for 30.2 hours. (ECF No. 27-12 at 8.) This calculation is erroneous. The Court calculates that 30.2 hours of work performed at a rate of $250 per hour equates to $7,550.

3

Christopher Boyd because, as the R&R correctly points out, the record asserts a rate of $250/hour for junior associates, but fails to provide any information about Mr. Boyd's level of legal experience. (R&R at 18.) The resulting $14,350 claimed for work by Michael Chalos and Briton Sparkman is reduced by 66% for the reasons set forth in the R&R, which yields $4,879. (*See id.* at 20–21.) Thus, an award of $4,879 will adequately and reasonably compensate Chalos for the time spent on this case.

      Accordingly, I grant in part and deny in part Chalos's motion for default judgment with the clarifications and correction described above. I deny the motion for default judgment against SRAM Berhad and SRAM Tech. I grant the motion for default judgment against SRAM Group, award $124,163.78 to Chalos for SRAM Group's breach of contract and prejudgment interest calculated from November 23, 2022, at the New York statutory rate of nine percent per year through the date of judgment. Finally, I award Chalos $4,879 in attorneys' fees and $1,968.00 in costs. The Clerk of Court shall enter judgment and close this case.

Dated: Central Islip, New York
August 9, 2024

                                      */s/ Nusrat J. Choudhury*
                                      NUSRAT J. CHOUDHURY
                                      United States District Judge